IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBIE J. HARRIS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>  Defendant. ) | Case No. CIV-22-94-STE |

### MEMORANDUM ORDER AND OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on its review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 13-26). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 5, 2018, the alleged onset date. (TR. 15). At step two, the ALJ determined Ms. Harris suffered from the following severe impairments: obesity; degenerative disc disease; migraines; fibromyalgia; and chronic pain syndrome. (TR. 15). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Harris retained the residual functional capacity (RFC) to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant is to avoid concentrated exposure to extreme cold, vibrations, and hazards, such as unprotected heights and heavy machinery.

(TR. 18).

With this RFC, the ALJ concluded that Ms. Harris was capable of performing her past relevant work as a pharmacist. (TR. 25). Thus, at step four, the ALJ concluded that Ms. Harris was not disabled based on her ability to perform her past relevant work. (TR. 25-26).

**III.   ISSUES PRESENTED**

On appeal, Ms. Harris alleges: (1) error in the evaluation of Plaintiff's subjective allegations and (2) the ALJ failed to resolve inconsistencies between Vocational Expert testimony and the Dictionary of Occupational Titles regarding whether Plaintiff could perform her past relevant work. (ECF No. 19:7-20).

**IV.   STANDARD OF REVIEW**

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ERROR IN THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Ms. Harris alleges that the ALJ erred in considering Plaintiff's subjective allegations and the consistency of her statements. (ECF No. 19:14-20). The Court agrees.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At this second step, the ALJ will examine the objective medical evidence, the claimant's statements regarding her symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;
- The location, duration, frequency, and intensity of pain or other symptoms;
- Factors that precipitate and aggravate the symptoms;
- The type, dosage, effectiveness, and side effects of any medication;
- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B. Plaintiff's Subjective Allegations and Testimony

In a function report, Plaintiff stated that she suffered from migraines which "made it hard to see, think or be in light." (TR. 201). At the administrative hearing, Plaintiff testified that she suffered from migraine headaches approximately 10-15 days per month. (TR. 45-46). When experiencing a migraine, Ms. Harris stated that she has to "lay down in the dark and just try to relax and hope it'll calm down some." (TR. 46). Plaintiff testified that it is "hard to function" when she suffers a "really bad migraine," which is "[a]t least nine days a month, if not more." (TR. 46). When Plaintiff feels a migraine coming on, she takes Imitrex, which causes some drowsiness. (TR. 46-47).

In an interview with a Social Security professional, Plaintiff stated that she suffered from migraine headaches approximately 10 times per month, and that they usually last 4-6 hours, with medication. (TR. 209). Plaintiff described the pain as a "level 5-6, but sometimes . . . debilitating and [she] can hardly see." (TR. 209). Ms. Harris described the pain as sharp, and stated that the pain was made worse by light, noise, and movement.

5

(TR. 209). Finally, Plaintiff stated that the headaches were accompanied by nausea and required her to go to a dark totally quiet room and lie still. (TR. 209).

Medical evidence supports Plaintiff's claims, with a medical professional at "Eye Care Oklahoma" noting that Plaintiff had reported daily migraine headaches and registered nurse Mallory Tagge at the Comprehensive Pain Center noting that Plaintiff requested an increase of her migraine medication to battle her severe headaches. (TR. 297, 350). Plaintiff also reported her migraines to a consultative examiner, Stephen M. Lange. According to Dr. Lange, Ms. Harris stated that she suffered migraines, varying in intensity and duration, approximately 10 times per month. (TR. 413). Dr. Lange also stated that Plaintiff's migraines prevented her from tolerating light (even from a computer screen) and noise, and required her to sit in the dark. (TR. 413). Ms. Harris also reported that noise from crowds could trigger her migraines and that the headaches made it difficult for her to think straight and properly fill orders as a pharmacist. (TR. 413).

### C.     Error in the ALJ's Evaluation of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that he had considered Plaintiff's symptoms and the consistency of her subjective allegations with other evidence of record. (TR. 18). The ALJ then: (1) set forth the two-step framework under SSR 16-3p, (2) summarized Plaintiff's applications for benefits, functions reports, disability reports, and hearing testimony, and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the evidence generally does not support the alleged loss of functioning.

(TR. 20). The ALJ then set forth a 4-page, single-spaced summary of Plaintiff's medical records which included references to Plaintiff's diagnoses, pain, medication, x-rays, treatment, lab work, use of a cane, and pain management appointments. (TR. 20-24). Following the lengthy discussion of medical evidence, the ALJ stated:

> The undersigned considered the claimant's complaints but finds that the allegations of significant limitations in the ability to perform basic work activities is not consistent to the extent alleged.

(TR. 23). Following this statement, the only reference the ALJ made regarding Plaintiff's migraines was that she had received no emergent care for the same. (TR. 23). The ALJ then discussed Plaintiff's various medical appointments and daily activities and weighed the opinions of various medical opinions. (TR. 23-25). But the Court concludes that the ALJ's discussion was insufficient to salvage the analysis of Plaintiff's subjective allegations. Although the ALJ seemed to rely on an "inconsistency" between Plaintiff's subjective allegations and the evidence, the ALJ never stated how any evidence contradicted or was inconsistent with Plaintiff's allegations of at least 9 debilitating migraine headaches per month which were made worse by sound, light, and movement, and which required her to lie down in a dark quiet room. Plaintiff may not have sought emergency room treatment for the migraines, but instead she treated them at home by taking the Imitrex and isolating herself.

In defense of the ALJ's decision, the Commissioner referenced the ALJ's reliance on Plaintiff's activities of daily living—stating that Plaintiff's allegations of requiring

7

seclusion in a dark room 10-15 times per month is inconsistent with Plaintiff's ability to care for animals, shop, and perform household chores. (ECF No. 23:12). However, it is well-established that "evidence that a claimant engages in limited activities . . . does not establish that the claimant can engage in light or sedentary work activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993). And an ALJ may not "rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004).

Although the ALJ stated that Plaintiff's "allegations of significant limitations in the ability to perform basic work activities is not consistent to the extent alleged," the ALJ never explained how, specifically, an inconsistency existed. "Because the ALJ did not . . . sufficiently articulate his reasoning, [the Court] cannot conduct a meaningful review of the pain assessment." *Brownrigg v. Berryhill*, 688 F. App'x 542, 546 (10th Cir. 2017). The ALJ's recitation of the proper standard and his summary of Plaintiff's testimony and allegations is insufficient to fulfill his duties under SSR 16-3p. Although the ALJ summarized Plaintiff's testimony and allegations, and stated that her allegations were "inconsistent," he did not thereafter: (1) explain how Plaintiff's allegations were inconsistent or (2) "closely and affirmatively" link any of the factors to his determination. *See* TR. 28-41; *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (explaining that ALJ is required to closely and affirmatively link credibility findings to substantial evidence in the record and to "articulate specific reasons" for such findings). Instead, the ALJ simply recited evidence from the record and did not provide any insight into how that evidence had impacted his determination of Ms. Harris' allegations, outside of relying on

8

Plaintiff's ability to perform certain daily activities, which, as discussed was insufficient. As a result, the Court finds reversible error and orders the case remanded for further administrative findings consistent with this order. See *Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868, at *4-6 (W.D. Okla. Sept. 12, 2017) (reversing and remanding for further proceedings where ALJ provided only narrative description of daily activities and summarized some medical records but "included no meaningful discussion of how the evidence served as a basis for the conclusion"); *Pruitt v. Colvin*, No. CV-15-207-HE, 2016 WL 11469336, at *3 (W.D. Okla. Jan. 20, 2016), report and recommendation *adopted*, No. CIV-15-0207-HE, 2016 WL 1266960 (W.D. Okla. Mar. 31, 2016) (reversing and remanding where ALJ did not deliver the "promised explanation or requisite analysis" in assessing claimant's credibility).

## VI.   PLAINTIFF'S REMAINING ALLEGATION OF ERROR

Ms. Harris also alleges that the ALJ erred in failing to resolve inconsistencies between Vocational Expert testimony and the Dictionary of Occupational Titles regarding whether Plaintiff could perform her past relevant work as a pharmacist. (ECF No. 19:7-13). But the Court should decline consideration of this alleged error because a re-assessment of Plaintiff's subjective allegations may affect the RFC, which, in turn, could affect any findings regarding Plaintiff's ability to work. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *see also Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and

RFC determinations are inherently intertwined."); *Roxanna L. H. v. Berryhill*, 2019 WL 1083564, at *5–6 (N.D. Okla. Mar. 7, 2019) (finding that the ALJ committed reversible error in his consistency analysis of Plaintiff's subjective complaints of pain "which resulted in error in his formulation of Plaintiff's RFC[.]").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on September 28, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE